LAUX v. GILDERSLEEVE et al.

(Supreme Court, Appellate Division, First Department.    December 10, 1897.)

1. BILLS AND NOTES—USURY—WHEN A DEFENSE.

In an action against the maker of a note given as a substitute for or in renewal of the note of a third person which he had guarantied, usury in the original note is a defense, if it has not been waived or purged.

2. SAME—PLEADING AND PROOF.

In such a case the general rule applies that the defense of usury cannot be availed of unless pleaded.

Appeal from special term.

Action by Joseph Laux against George Gildersleeve and another. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal.    Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Charles H. Hill, for appellants.

Herbert H. Walker, for respondent.

PATTERSON, J.    To this action, which was brought by the payee against the makers of a promissory note, the only defense set up in the joint answer of the defendants was want of consideration.    Upon the trial, testimony was given on the part of the defendants tending to show that the note was made and delivered to the payee for his accommodation only.    In rebuttal, the plaintiff introduced evidence of a consideration having been given.    It affected the defendants differently.    It was conceded by the plaintiff that, at the time the note was made, the defendant Honeyman was not indebted to him; but he testified that at that time the defendant Gildersleeve owed him a large amount of money, and that he forbore enforcing his claim by suit, in consideration whereof, and also of an assignment made by him to various parties, of whom the defendant Honeyman was one, of an interest in a certain contract, the defendant Honeyman signed the note in suit.    That testimony of the plaintiff was contradicted by the defendant Honeyman, and the issue arising on it was left to the jury, who, upon the conflicting evidence, found in favor of the plaintiff.    As to the defendant Gildersleeve, the alleged consideration for the note in suit was in greater part the renewal of an outstanding and prior obligation of that defendant, which arose upon the guaranty by him of a promissory note made by one Mc-Namee, and dated November 1, 1891, for the sum of $7,596.90.    That guaranty was in writing, and bore even date with the note.    It plainly appeared in evidence that the McNamee note and the guaranty were given in connection with a contract made between Mc-Namee, one Huested, and the plaintiff, which, among other things, recited that Huested and McNamee had received from the plaintiff various sums of money aggregating $7,596.90, and which they agreed to pay to the plaintiff within one year from November 1, 1891.    Mc-Namee's promissory note was also payable one year after date. The McNamee note, with Gildersleeve's guaranty and the contract,

were delivered to the plaintiff; and, at the time the note in suit was given, he had them in his possession.

An issue of fact was presented and tried respecting the character of the transaction out of which this guaranty arose, and the consideration therefor. That was left to the jury, also, under proper instructions, and they likewise found in favor of the plaintiff on that issue. On the defense of want of consideration, therefore, the finding of the jury is conclusive, for there was sufficient evidence to authorize that finding. But a question was mooted on the trial, the consideration of which was taken from the jury, and the important inquiry on this appeal is as to the correctness of the action of the court relating to that question. It came in evidence that the consideration for the McNamee note consisted of certain separate amounts of money loaned or advanced at different times by the plaintiff to McNamee and Huested, and there were also facts testified to tending to show that some of the items were loans upon usurious interest. The evidence as to usury was, except as to one item, very vague and general; but there was possibly enough to allow the case to go to the jury on the question of the unlawful character of the note sued upon, had that question been properly before the court. The learned judge presiding at the trial instructed the jury to disregard everything relating to the subject of usury, assigning as a reason that, while it might have been available to McNamee, or McNamee and Huested, had it been properly brought before the court, it was not so available to these defendants, because the usury alleged might have been condoned by McNamee and Huested. This reason assigned by the learned judge for excluding the subject from the consideration of the jury was not strictly correct. The defense of usury is open not only to parties, but to privies to a contract; and, in a suit on a guaranty or upon any instrument given as a substituted security for the guaranty, the defense would be open to these defendants. The learned judge evidently had in mind those cases in which it has been held that an original party may, under some circumstances, cut off by waiver the right of those in privity with him to claim that the contract was usurious. Such a contract is not absolutely void, but only voidable, at the election of the principal or those who are in privity with him. Here the alleged usury had not been waived or purged. But the learned judge was right in his instruction to the jury that the defense was not available to the defendants, because it was not pleaded. The action was upon an instrument which, if there were any usury at all in the whole series of precedent transactions which eventuated in the giving of that instrument, was tainted by that usury. That the note in suit was given in substitution for or renewal of the McNamee note, guarantied by the defendant Gildersleeve, cannot be doubted on the evidence. The plaintiff's statement that it was so given was not contradicted by the defendant Gildersleeve, when he was recalled after the plaintiff's examination as a witness, and it distinctly appears by the testimony of Gildersleeve's bookkeeper that, at the time the note in suit was given and was drawn or filled up by the bookkeeper for signature by the defendants, the plaintiff produced the McNamee note, and

from that note the amount of the new obligation was taken.    If there were usury in any of the items entering into the contract with. McNamee and Huested, and into the promissory note signed by Mc-Namee and guarantied by Gildersleeve, the contamination was carried into the note in suit.

"So long as the original element of usury remains, and until it has been purged by the deliberate act of the parties, the taint of usury attaches to all subsequent contracts and securities substituted for or given in renewal of the original debt, no matter how many times removed; and the debtor has the same right of defending against the last substitute or renewal as if it were the original contract."    27 Am. & Eng. Enc. Law, p. 967, and numerous cases there cited.    If, therefore, there were any usury in the original transactions, the vice infected the note sued on.    It was a defense known by the defendants to exist at the time of the trial of this action,. for they had their witnesses in court to give, and who did give,. some testimony on that subject.    Usury, as a defense, must be-pleaded.    It is like every other defense, and cannot be proved unless it is set up in an answer.    If it is not pleaded, it will be considered as waived; and the rule is so strict with reference to pleading it that it has been held that it must be set forth "with such precision and certainty as to make out on the face of the pleading that a corrupt and usurious contract has been entered into.    Bank v. Lewis, 75 N. Y. 519; Chapuis v. Mathot, 91 Hun, 565, 36 N. Y. Supp. 835.    In this case the taint was in the renewed note, and was known. to the defendants to be in that note.    They were required by law in their answer to make a statement of all their defenses, and they neglected to do so.

The ruling of the court excluding from the case the question of usury was therefore correct, and the judgment should be affirmed, with costs.    All concur.