## VON HAUS v. SOULE.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. CANCELLATION OF INSTRUMENTS (§ 37*)—JUDGMENT (§ 67*)—CONFESSION—
   GROUNDS—ALLEGATIONS IN PLEADING.

   In an action to cancel a written agreement, on the ground that it was usurious and void, and a confession of judgment, and a judgment entered thereon pursuant to the agreement, allegations that the loan provided for in the agreement was obtained to place one of the borrowers in a sanitarium and to care for him therein were immaterial to the right to have the agreements and judgment canceled.

   [Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 66–81; Dec. Dig. § 37;* Judgment, Dec. Dig. § 67.*]

2. USURY (§ 12*)—CONTRACTS INVALID—INTENT OF PARTIES.

   To constitute usury, there must be an intention on the part of the lender to loan at a usurious rate and on the part of the borrower to accept the usurious terms, and the fact that a lender paid only part of a sum provided for in an agreement for a loan with the intention of exacting usurious interest from the borrowers, in the absence of any agreement or understanding that the lender was not to advance the entire amount, was at most a breach of contract, and did not show usury.

   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 23, 24; Dec. Dig. § 12.*]

Appeal from Special Term, New York County.

Action by Wilhelmina Von Haus against Ullman B. Soule. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained, with leave to amend on payment of costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Charles F. Leining, for appellant.
Louis S. Posner, for respondent.

LAUGHLIN, J. The complaint contains two counts for the same relief, which is the cancellation of a certain agreement in writing made between the plaintiff and one Albert Graf, as parties of the first part, and the defendant, as party of the second part, on the 3d day of September, 1909, on the ground that it was usurious and void, and of a confession of judgment, and a judgment entered thereon, pursuant to said agreement. The defendant demurred separately to each count, upon the ground that facts sufficient to constitute a cause of action are not stated therein.

It is alleged that since the making of the agreement, and prior to the commencement of the action, said Albert Graf died intestate and left no property, that letters of administration have not been issued on his estate, and that the plaintiff is his sole heir at law and next of kin. The agreement provided, among other things, that the defendant should advance and pay over to the plaintiff and said Graf the sum of $1,150, which amount they agreed to repay to the defendant within one year, with interest at the rate of 6 per cent. per annum. Of this amount $580.09 was to be paid on the execution and delivery of the

agreement, and the balance in weekly payments of $15 each. The agreement recites the acknowledgment of the receipt, by the plaintiff and said Graf, of the first payment, which was to be made concurrently with the signing of the agreement.

[1] The plaintiff, in the first count, alleges that at the time of the execution of the agreement the defendant paid over only the sum of $150, and that at his request at that time the plaintiff and said Albert Graf signed and delivered to him a receipt for $580.09, the amount of the first payment provided for in the agreement, and that the defendant thereafter made payments to the plaintiff and said Albert Graf under said agreement, amounting, with the first payment of $150, to the sum of $755.91, but did not pay the balance of the amount agreed to be paid over as the first payment. It is then alleged that the loan "was usurious and void, and that it was the purpose and intention" of *the defendant* to compel the plaintiff and said Graf to pay more than the legal rate of interest. The second count realleges by reference to the allegations in the first count, and further alleges the circumstances which necessitated the making of said agreement by the plaintiff and said Graf, which it is alleged were known to the defendant. It is therein alleged that the loan was obtained for the purpose of placing said Graf, who was the plaintiff's brother, who was an attorney and counselor at law, in whom plaintiff trusted, and on whom she relied, in a sanitarium and caring for him therein. We fail to see the bearing of these allegations in the second count on the right of the plaintiff to have the agreements and judgment canceled.

[2] In neither count is it alleged that there was any agreement between the plaintiff and her brother and the defendant that the defendant was not to advance the entire amount of the loan for which the agreement provided, nor is it alleged that it was agreed or understood or that he was to retain any part of it for the use of the money or for any other purpose. The allegations fail to show a usurious agreement. At most the plaintiff shows a breach of the agreement on the part of the defendant in failing to advance to the plaintiff and her brother the amount which he agreed to loan and advance; but for that they have a remedy by action to enforce the agreement, or to have the judgment, which they confessed, reduced so that it will stand as security only for the amount actually loaned. We, however, deem the law well settled in this jurisdiction that in order to constitute usury it must appear that there was an intention on the part of the lender to loan at a usurious rate of interest, and on the part of the borrower to accept the usurious terms proposed by the lender, and the essential facts must be pleaded. Orvis v. Curtiss, 157 N. Y. 657, 52 N. E. 690, 68 Am. St. Rep. 810; Chapuis v. Mathot, 91 Hun, 565, 36 N. Y. Supp. 835; Morton v. Thurber, 85 N. Y. 550; Rosenstein v. Fox, 150 N. Y. 354, 44 N. E. 1027; Myers v. Wheeler, 24 App. Div. 327, 48 N. Y. Supp. 611, affirmed 161 N. Y. 637, 57 N. E. 1118; National Bank v. Lewis, 75 N. Y. 516, 31 Am. Rep. 484; Laux v. Gildersleeve, 23 App. Div. 352, 48 N. Y. Supp. 301.

Undoubtedly the rule is, as claimed by counsel for the respondent, that the written agreement made by the parties is not conclusive on

the question as to whether the contract was usurious, and that parol evidence may be given to show that the transaction is tainted with usury, notwithstanding the fact that the writing would indicate that it was lawful.   Mudgett v. Goler, 18 Hun, 302; Orvis v. Curtiss, supra; 17 Cyc. 700; 29 Am. & Eng. Enc. of Law. 461.   The difficulty with the plaintiff's case is that facts showing the making of a usurious agreement, resting in parol or otherwise, are not alleged.

It follows, therefore, that the interlocutory judgment should be reversed, and the demurrer sustained, with leave to the plaintiff to amend on payment of costs of the appeal and of the demurrer.   All concur. .