774

■ ELISABETH OBERNDORFF et al., Respondents, v. DJALMA S. WOLFSON, Appellant.— Order, entered January 11, 1962, denying defendant's motion denominated as for reargument unanimously reversed on the law and in the exercise of discretion; order and judgment granting plaintiffs' motion for summary judgment unanimously reversed on the law; the motion for reargument granted; and the motion for summary judgment denied; with costs to defendant-appellant. In this action upon written agreements for the sale of stock, requiring the seller, at the purchaser's option, to repurchase the stock at an advanced price, there are issues of fact concerning the usury defense which cannot be resolved by summary judgment. The writings submitted in support of the motion, however convincing in establishing that a true sale occurred, are not conclusive (Von Haus v. Soule, 146 App. Div. 731, 734; Restatement, Contracts, § 238, subd. [b]; § 529, Illus. 1; 22 N. Y. Jur., Evidence, § 634 and cases cited; Anno.— Parol Evidence Rule — Evidence as to Usury, 82 A. L. R. 1199, Supp. 104 A. L. R. 1261). Defendant denies the sale and asserts, with at least minimal evidentiary support, that a loan was made with the stock as security. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ GEORGE PANOFF, Respondent, v. ANROB REALTY CO., INC., Appellant.— Judgment in the sum of $70,238 in favor of plaintiff in a personal injury negligence action, unanimously reversed, on the law and on the facts, with costs to defendant-appellant, and the complaint dismissed. Plaintiff has failed to establish actionable negligence against defendant. Defendant was not in possession of the premises. (Berman v. H. J. Enterprises, Inc., 13 A D 2d 199.) It is undisputed that at the time and site of the occurrence the lighting equipment was adequate and usable. The tenant, who was plaintiff's employer, was in possession. The obligation, if any, to turn on the light on the premises at the time of the occurrence was at best the employer's. Further, plaintiff was guilty of contributory negligence by proceeding in the darkness in an area unfamiliar to him, especially when an approach to the men's room familiar to the plaintiff which avoided the stairway was available. (Dunn v. White Plains Housing Auth., 8 A D 2d 839, affd. 7 N Y 2d 944.) Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISMAEL MARTINEZ, Appellant.— Judgment of conviction unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ In the Matter of NOXON OPERATING CORPORATION, Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent.— Order, entered on December 19, 1961, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ MIDEAST SECURITIES CORP., Respondent, v. RKO GENERAL, INC., Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ TELEVISION INDUSTRIES, INC., et al., Respondents, v. RKO GENERAL, INC., Appellant.— Judgment and order unanimously affirmed, with costs to the respondents. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ JACK GARTNER, Respondent, v. NORMAN BIER, Appellant.— Order, entered on October 10, 1961, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.