■ GALLO PAINTING, INC., Respondent, v AETNA INSURANCE COMPANY, Appellant. ROCCO GALLO, Respondent, v FIREMAN'S FUND INSURANCE COMPANY, Appellant.—In consolidated actions to recover upon fire insurance policies, the defendant insurers appeal (1) from so much of an order of the Supreme Court, Dutchess County, entered February 18, 1975, as, *inter alia,* (a) granted plaintiffs' motion for summary judgment insofar as said motion related to their right to recover under the policies of insurance and (b) struck the first and second affirmative defenses contained in defendants' answers and (2) as limited by their brief, from so much of an order of the same court, entered March 31, 1975, as, upon reargument, adhered to those portions of the original determination which they have appealed from. Appeal from the order entered February 18, 1975 dismissed as academic, without costs. That order was superseded by the order made upon reargument. Order entered March 31, 1975 reversed insofar as appealed from, without costs, and motion for summary judgment denied. On January 7 and 8, 1972 two fires occurred in a one-family frame dwelling, causing substantial damage to the structure and the personalty contained therein, which property was insured by the defendants Aetna Insurance Company and Fireman's Fund Insurance Company, respectively. When defendants failed to pay pursuant to the terms of the policies, plaintiffs instituted separate actions against them, which actions have since been consolidated. The defendants' answers, which are virtually identical, contain a number of affirmative defenses. In essence, defendants assert that plaintiff Rocco Gallo caused, solicited or procured the setting of the fires by a third person and that willful misrepresentations and fraudulent statements concerning the origin of the loss and the amount of the loss have been made. Plaintiffs subsequently moved for summary judgment. In opposition to this motion, defendants submitted the affidavit of their attorney, who deposed that shortly after the fires in question he personally met with one Gary Funk, who told him that a man who had identified himself as Rocco Gallo had hired him to set the fires. Funk allegedly stated that he entered the unlocked premises and set several fires. When these fires were quickly extinguished, he returned later the same night and set another blaze, which caused substantial damage. In addition to this affidavit, the reports of the fire department which responded to the fire were submitted. These reports list the origin of the fires as "suspicious". Also attached to the affidavit submitted in opposition were copies of Federal tax liens which had been filed against plaintiff Gallo Painting, Inc., prior to the fire and other

evidence tending to show that plaintiffs owed substantial money to a number of other creditors. In granting plaintiffs' motion for summary judgment, Special Term disregarded the statements attributed to Funk as pure hearsay which would therefore be inadmissible at any trial of the action. We believe that Special Term committed error in this regard. As one court has recently noted, "Rules of evidence should be guardedly and cautiously applied on an application for summary judgment, particularly where there are many exceptions to the general rules and where the application of a rule of evidence or the exceptions thereto can best be determined upon evidence offered at a trial" *(Exchange Leasing Corp. v Bundy,* 29 AD2d 828; see, also, *Phillips v Kantor & Co.,* 31 NY2d 307). In the present case, it is impossible to determine at this preliminary stage of the proceedings whether the statements allegedly made by Funk are admissible. While we do not reach this question at the present time, it is possible that the statements may come within the exception to the hearsay rule which allows the introduction of declarations against penal interest, if defendants can lay a proper foundation (see *People v Brown,* 26 NY2d 88). Finally, we note that the absence of any affidavit by Funk is not determinative, since the affidavit which was submitted on behalf of defendants sets forth the name of the witness, the substance of his testimony and the circumstances under which the testimony was learned (see *Phillips v Kantor & Co.,* 31 NY2d 307, 312, *supra; Indig v Finkelstein,* 23 NY2d 728). Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.