■ R. C. S. FARMERS MARKETS CORPORATION, Appellant, v GREAT AMERICAN INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Miner, J.), entered October 31, 1979 in Ulster County, which denied plaintiff's motion for summary judgment. In this action to recover the proceeds of a fire insurance policy, plaintiff insured has submitted proof of loss and compliance with the notice requirements of the policy. Defendant insurer has refused payment upon the grounds that plaintiff, through its president, willfully concealed or misrepresented facts concerning the insurance or the subject thereof and also increased the hazard of fire within the premises. In opposition to plaintiff's motion for summary judgment, defendant submitted the affidavit of an attorney who had no first-hand knowledge of the facts. The affidavit contained allegations, based upon a conversation with the police officer who investigated the fire, tending to establish that the fire was deliberately set. It was also alleged that plaintiff was having financial difficulties at the time of the fire. Special Term denied plaintiff's motion for summary judgment and this appeal ensued. The sole issue here is whether defendant met its burden in opposing plaintiff's motion for summary judgment. We hold that it has not. "Where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so, and the submission of a hearsay affirmation by counsel alone does not satisfy the requirement" *(Zuckerman v City of New York,* 49 NY2d

557, 560). Here, the affidavit of the insurer's counsel contains rank hearsay on the issue of the origin of the fire, and we find the excuse offered for its use — that the investigating officer refused to execute an affidavit based upon departmental policy — which is itself pure hearsay, unacceptable. Significantly, defendant has made no effort to exhaust the possible disclosure devices available to it (see CPLR 3101, subd [a], par [4]; subd [g]). Moreover, defendant concededly retained its own investigator to determine the cause of the fire, but no mention was made of the result of that investigation; nor was an affidavit or report from the investigator submitted on the motion. Under these circumstances, we are of the view that summary judgment should have been granted to plaintiff. *Phillips v Kantor & Co.* (31 NY2d 307) and *Gallo Painting v Aetna Ins. Co.* (49 AD2d 746), relied upon by Special Term, are inapposite. *Phillips* held only that "Evidence, *otherwise relevant and competent* upon a trial or hearing, but subject to exclusion on objection under the Dead Man's Statute, should not predetermine the result on summary judgment in anticipation of the objection" *(Phillips v Kantor & Co., supra,* p 310; emphasis added). In *Gallo Painting,* the hearsay recited in the attorney's affidavit was subject to one of the exceptions from the hearsay rule and, therefore, may have been admissible at trial. Order reversed, on the law, with costs, and motion granted. Mahoney, P.J., Kane, Casey, Weiss and Herlihy, JJ., concur.