■ SUPREME AUTOMOTIVE MFG. CORP. et al., Respondents, v CONTINENTAL CASUALTY COMPANY, Appellant, et al., Defendants. — Judgment, Supreme Court, New York County (Sherman, J.), entered March 31, 1983, in plaintiffs' favor in the sum of $1,848,662.50, unanimously reversed, on the law, with costs and disbursements, the judgment vacated, order (Price, J.), entered June 14, 1982, denying defendant's motion for reargument, herein denominated a motion for renewal, reversed, the motion granted, and, upon renewal, plaintiffs' motion for summary judgment on the issue of liability denied. In this action to recover damages on a fire insurance policy judgment was entered on the basis of a grant of summary judgment to plaintiffs on the issue of liability under the first cause of action and a subsequent stipulation as to damages. By the terms of the stipulation defendant's right to appeal the issue of liability to a final determination was preserved, and the agreement as to damages was to bind the parties until the issue of liability was finally resolved, whether after trial or appeal. In granting summary judgment Special Term rejected an affidavit submitted by defendant from one of its investigators because it was undated and lacked the signature of the notary public whose notary stamp was affixed to the affidavit. The affidavit, if accepted, would have, for purposes of summary judgment, connected plaintiffs with the origin of the fire which, according to the fire marshals, was incendiary in nature. Defendant, submitting a properly executed affidavit by the same investigator, moved to reargue. In reality, the motion was one for renewal. In any event, Special Term, holding that a party may not use reargument to furnish deficiencies in proof in its original submission, denied the motion. This was error. Defendant was not offering new or different facts to support its original opposition to the motion. It was submitting the same affidavit properly executed. The notary's failure to sign the investigator's affidavit is the type of defect which a court may permit to be corrected upon such terms as are just or, if a substantial right of a party is not prejudiced, disregard. (CPLR 2001; *People ex rel. Fifth Ave. & 37th St. Corp. v Miller*, 261 App Div 550, 553-554.) We are satisfied that defendant has made a showing sufficient to warrant the denial of summary judgment to plaintiffs, since it is conceded that the fire marshals' report shows the origin of the fire to be incendiary, and defendant asserts that an informant, whose identity it does not now wish to disclose, observed an automobile owned by plaintiffs' principal at the damaged premises, which are located in Brooklyn, minutes before the outbreak of the fire. Plaintiffs' principal testified that he had driven the same vehicle to his home in Port Washington hours before the fire. In refusing to divulge the informant's name defendant invoked the attorney-client and material prepared for litigation privileges. (CPLR 3101, subds [c], [d].) Rules of evidence "should be guardedly and cautiously applied on an application for summary judgment", particularly where, as here, it cannot be determined at this point whether the evidence will be admissible.

(*Gallo Painting v Aetna Ins. Co.,* 49 AD2d 746, 747.) While the refusal to divulge the informant's name is troublesome in view of the obligation of a party opposing a motion for summary judgment to "lay bare and reveal his proofs" (*Di Sabato v Soffes,* 9 AD2d 297, 301), we think there is still enough in the record to show the existence of a genuine issue of fact requiring denial of the motion for summary judgment. In an action on an insurance policy, where the facts lie totally within the plaintiff's knowledge, it is rare that summary judgment will be granted. (*Wertheimer v New York Prop. Ins. Underwriting Assn.,* 85 AD2d 540.) Concur — Kupferman, J. P., Sullivan, Silverman, Bloom and Alexander, JJ.