■ MARINE MIDLAND BANK, N. A., Appellant, v KENNEY PLUMBING, INC., et al., Respondents.—Order reversed, on the law, without costs, and motion granted. Memorandum: Plaintiff met its burden of demonstrating its entitlement to summary judgment and defendants offered no evidence in admissible form to show that there are factual issues requiring a trial (see, Zuckerman v City of New York, 49 NY2d 557). Special Term erred, therefore, in denying plaintiff's motion for summary judgment. Both the promissory note executed by defendant corporation and the unconditional guarantee executed by defendant Kenney personally are clear, complete, and unambiguous. Parol evidence is inadmissible to contradict, vary, add to, or subtract from the terms of those writings (see, Thomas v Scutt, 127 NY 133; Metropolitan Bank v Brennan, 48 AD2d 254). Thus, defendants' claim that the indebtedness reflected by the promissory note was to be repaid in installments over a seven-year period rather than in 91 days as shown on the face of the note does not raise a triable issue of fact.

All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum:

Callahan, J. (dissenting). We should affirm. Let us not forget that when reviewing a motion for summary judgment, the focus of the court's concern is issue finding rather than issue determination and the affidavits should be scrutinized in the light most favorable to the party opposing the motion (Sill-

man v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404; *Goldstein v County of Monroe,* 77 AD2d 232, 236). Summary judgment, drastic remedy that it is, should not be granted where there is any doubt as to the existence of a triable issue of fact *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Phillips v Kantor & Co.,* 31 NY2d 307, 311) or where the issue is "arguable" *(Sillman v Twentieth Century-Fox Film Corp., supra,* p 404). Moreover, a court may not ordinarily weigh the credibility of the affiants on a motion for summary judgment unless untruths are clearly apparent *(Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441).

Special Term properly denied summary judgment as this record discloses the existence of a factual issue. In his responding affidavit, Kenney asserts that, "the note of April 12, 1984 was to be an installment note payable monthly over a seven (7) year period * * * and the error in the note was drawn to the attention of the bank officer after it was discovered subsequent to signing. That co-defendant was assured that the renewal would be drawn in that manner as it was an oversight." He goes on to relate that the new note "was not so drawn" and he would not, therefore, execute it. He was induced to sign it, however, upon assurance that it would be corrected on the renewal date. Trusting the bank officer, he then signed the note. The error was not corrected as promised. These statements are uncontroverted by plaintiff and clearly establish triable issues of fact.

Defendants' only obligation in defense of the motion was to present a plausible issue of fact *(Falk v Goodman,* 7 NY2d 87, 91). It appears as if the majority are ignoring the well-established principle that rules of evidence should be guardedly and cautiously applied on an application for summary judgment *(Gallo Painting v Aetna Ins. Co.,* 49 AD2d 746, 747). Parol evidence is admissible to defeat a motion for summary judgment *(Leghorn v Ross,* 42 NY2d 1043, 1044; *Exchange Leasing Corp. v Bundy,* 29 AD2d 828) and is always available "to show that the written pact was obtained by a fraud in its inducement" *(Leumi Fin. Corp. v Richter,* 17 NY2d 166, 173). Therefore, the truth of the issues raised must be arrived at in the lawful and customary way, that is, by a trial where the witnesses · can be examined and cross-examined and their demeanor and their versions put under the scrutiny of the trier of the facts *(Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57, 64; *Pelusio v Mulye,* 52 AD2d 1045). While it may have been inartfully stated, defendant's responding affidavit infers that he was induced to sign the note containing the

incorrect terms under false pretenses. He should not be precluded from offering the proof or examining the bank officer in an examination before trial (CPLR 3212 [f]). (Appeal from order of Supreme Court, Onondaga County, Inglehart, J.—summary judgment.) Present—Dillon, P. J., Callahan, Green, Balio and Schnepp, JJ.