■ FLEET BANK OF NEW YORK, Formerly Known as NORSTAR BANK OF UPSTATE NEW YORK, Respondent, v EDWARD ROZANSKI, Appellant. (Appeal No. 1.) [629 NYS2d 560] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly struck defendant's affirmative defenses and properly granted plaintiff's motion for summary judgment. In support of its motion, plaintiff submitted a copy of the promissory note executed by defendant, together with an affidavit of a bank officer in which he avers that the note was given in exchange for, and in consideration of, a prior demand note, that defendant defaulted in his obligations under the terms of the note and that there was due and owing the sum of $37,185.71 as of April 30, 1994. The officer further averred that the bank has not sold or otherwise disposed of any collateral, nor has defendant ever demanded the return of the collateral. In opposition, defendant averred in an affidavit that he agreed to co-sign a loan at the bank for the owner of Mohawk Frozen Foods, Inc., and that he "signed whatever documents the Bank wanted me to sign", including a stock pledge agreement, because he "trusted banks and did not have an attorney representing me when I signed any papers". He further averred that someone from the bank told him that the bank had sold his stock certificates, netting the bank approximately $48,000.

We conclude that plaintiff met its burden of demonstrating its entitlement to summary judgment and that defendant offered no evidentiary proof in admissible form to show that there are factual issues requiring a trial *(see, Zuckerman v City of New York,* 49 NY2d 557; *Marine Midland Bank v Kenney Plumbing,* 125 AD2d 969). Both the promissory note and the security agreement executed by defendant are clear, complete and unambiguous. Parol evidence is inadmissible to contradict, vary, add to, or subtract from the terms of those writings *(see, Thomas v Scutt,* 127 NY 133; *Marine Midland Bank v Kenney Plumbing, supra).* Defendant did not deny that he executed and delivered the note to plaintiff, nor did he submit any proof that he repaid any portion of the balance owing on the note. Moreover, his hearsay claim that a bank employee told him that the bank had sold some of the stock he had pledged as security was specifically refuted by the bank. Furthermore, defendant's claims of misrepresentation, lack of consideration, payment and impairment of collateral are unsupported by evidentiary proof in admissible form and are insufficient to raise a triable issue of fact. (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J.—Commercial Note.) Present—Pine, J. P., Lawton, Callahan, Davis and Boehm, JJ.