# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**258**
**CA 15-01309**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

BETT A. STRANSKY, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JEFFREY DIPALMA AND PAMELA DIPALMA,
DEFENDANTS-APPELLANTS.

---

FREID AND KLAWON, WILLIAMSVILLE (ADAM B. CONNERS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

JOSEPH G. MAKOWSKI, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (Tracey A. Bannister, J.), entered October 20,
2014.  The order and judgment granted the motion of plaintiff for
summary judgment in lieu of complaint, denied the cross motion of
defendants for summary judgment dismissing the action and awarded
money damages to plaintiff.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by denying plaintiff's motion, and
as modified the order and judgment is affirmed without costs.

Memorandum:  Plaintiff commenced this action by way of a motion
for summary judgment in lieu of complaint seeking judgment on an
unpaid promissory note executed by defendants in the amount of
$35,000.  Defendants cross-moved for summary judgment dismissing the
action, contending that the interest rate on the promissory note is
usurious as a matter of law under General Obligations Law § 5-501 and
Banking Law § 14-a.  We agree with defendants that Supreme Court erred
in granting the motion but conclude that the court properly denied the
cross motion.  We therefore modify the order and judgment accordingly.

Pursuant to the note, dated August 29, 2011, defendants promised
to pay plaintiff $35,000 plus interest of 15%.  The note required only
monthly interest payments until April 12, 2012, when defendants were
required to pay the balance of the note in full.  Plaintiff commenced
this action in May 2014, alleging that defendants failed to pay the
sums due under the note and seeking damages of $35,000 plus interest.
In support of defendants' cross motion for summary judgment dismissing
the action, defendant Jeffrey DiPalma asserted in an affidavit that,
although the face amount of the note is $35,000, the actual amount of
the loan was $30,000, and the additional $5,000 was withheld by
plaintiff as a "loan fee."  Defendants also submitted, inter alia, a

copy of a check payable to them from plaintiff, dated August 29, 2011, in the amount of $30,000.  According to defendants, the actual interest rate on the $30,000 loan is 17.5%, which exceeds the 16% maximum rate permitted by law.  In opposition to the cross motion, plaintiff did not dispute defendants' assertions about the $5,000 loan fee.  Instead, plaintiff argued that the promissory note is complete on its face, and defendants therefore may not raise an issue of fact by parol evidence.  Plaintiff further argued that defendants' evidence was hearsay in nature and thus inadmissible.  We conclude that there is an issue of fact whether the interest rate is usurious, and that neither party is entitled to summary judgment at this stage of the proceedings.  In accordance with CPLR 3213, "the moving and answering papers shall be deemed the complaint and answer, respectively."

We reject at the outset plaintiff's contention that the evidence submitted by defendants should not be considered because the note is clear and unambiguous on its face.  Although parol evidence is generally inadmissible to vary the terms of a promissory note that is otherwise clear on its face (see e.g. Fleet Bank of N.Y. v Rozanski, 216 AD2d 938, 938, lv denied 87 NY2d 804; see generally W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162), here, "defendants have the burden of establishing their affirmative defense of usury, and it is well settled that parol evidence is admissible to show the illegal nature of a contract" (Pink v Kaplan, Inc., 252 App Div 490, 492; see Von Haus v Soule, 146 App Div 731, 734; Aaron v Mattikow, 146 F Supp 2d 263, 266-267).  Indeed, if the law were otherwise, the usury laws could easily be avoided.

Thus, in view of the parol evidence with respect to plaintiff's retention of fees, defendants raised an issue of fact whether the interest rate was greater than 16% and therefore usurious (see General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]).  Because fees retained by lenders are included as interest (see General Obligations Law § 5-501 [2]; Banking Law § 14-a [2]), the $5,000 allegedly retained by plaintiff would make the interest rate on the note 16.67% ($5,000/$30,000) based on that retained fee alone, and even greater if the actual interest charged were considered (see Oliveto Holdings, Inc. v Rattenni, 110 AD3d 969, 972).

We similarly reject plaintiff's contention that defendants failed to submit evidence in admissible form in opposition to the motion for summary judgment in lieu of complaint.  The affidavit of defendant Jeffrey DiPalma is based on his personal knowledge of the facts alleged, and thus does not constitute hearsay (see Pintor v 122 Water Realty, LLC, 90 AD3d 449, 451).  Finally, plaintiff's contention that defendants should be estopped from raising the defense of usury is raised for the first time on appeal and is thus not properly before us (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court