Spellane v Natarajan (2019 NY Slip Op 00759)





Spellane v Natarajan


2019 NY Slip Op 00759


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1185 CA 18-00696

[*1]PHILIP G. SPELLANE, PLAINTIFF-RESPONDENT,
v
SENTIL NATARAJAN AND COLLEEN NATARAJAN, DEFENDANTS-APPELLANTS. 






PHETERSON SPATORICO LLP, ROCHESTER (DERRICK A. SPATORICO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
HARRIS BEACH PLLC, PITTSFORD (JOHN A. MANCUSO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered July 21, 2017. The order, inter alia, granted that part of the motion of plaintiff for summary judgment on the issue of liability. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action for breach of contract, defendants appeal from an order that, inter alia, granted that part of plaintiff's motion for summary judgment on the issue of liability and ordered an inquest on damages, denied that part of plaintiff's motion seeking to dismiss the affirmative defenses raised in defendants' answer, and denied defendants' cross motion for summary judgment dismissing the complaint. We affirm.
In April 2015, defendants entered into a contract with plaintiff to purchase real property owned by plaintiff for $390,000. The contract set a proposed closing date of July 1, 2015, and provided that, at any time after that proposed closing date, any party who completed his or her pre-closing obligations under the contract was permitted to declare that time was of the essence and "set forth a specific time for closing on a day that is at least seven (7) calendar days after delivery of the Time is of the Essence Notice to [the] other party." Among other things, the contract required plaintiff to deliver to defendants certain closing documents at least 15 calendar days prior to the closing date to allow defendants enough time to review the title before closing. Plaintiff delivered the closing documents to defendants on July 15, 2015, and thereby completed his pre-closing obligations under the contract. On July 23, 2015, plaintiff sent a letter to defendants declaring that time was of the essence and setting a closing date of August 3, 2015. On that date, plaintiff appeared and was ready, willing, and able to close. Neither defendants nor their attorney, however, appeared for the closing. Plaintiff eventually sold the property to a different buyer in February 2016 for $345,000. Thereafter, plaintiff brought this action against defendants seeking to recover actual and consequential damages resulting from their breach.
We reject defendants' contention that plaintiff was required to wait until the 15-day title review period elapsed before he could set a date for the closing. "It is well settled that a contract must be read as a whole to give effect and meaning to every term . . . Indeed, [a] contract should be interpreted in a way [that] reconciles all [of] its provisions, if possible" (O'Brien & Gere, Inc. of N. Am. v G.M. McCrossin, Inc., 148 AD3d 1804, 1805 [4th Dept 2017] [internal quotation marks omitted]; see Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017]). "To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] is the only construction [that] can fairly be placed thereon" (O'Brien, 148 AD3d at 1805 [internal quotation marks omitted]). Here, defendants' interpretation of the contract as requiring that, during the 15-day title review period, plaintiff [*2]refrain from scheduling a date for the closing that would occur after that period elapsed, contradicts the plain language of the contract. Plaintiff met his burden of establishing that the contract expressly permitted a party who had fulfilled his or her pre-closing obligations to schedule a time of the essence closing at any time after July 1, 2015, as long as that party set the time of the essence closing at least seven calendar days from the date when notice was delivered to the other party. Plaintiff fulfilled his pre-closing obligation when he delivered the closing documents to defendants on July 15, 2015 and, on July 23, 2015, plaintiff scheduled the closing for August 3, 2015, which was after the 15-day title review period elapsed, and was at least seven days after the time of the essence notice was delivered to defendants.
We reject defendants' further contention that the August 3, 2015 closing date was unreasonable as a matter of law because it was only one business day after the expiration of the 15-day title review period. Although the law permits a buyer reasonable time in which to tender performance when a contract for the sale of real property does not make time of the essence (see Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904 [2d Dept 2013]), time was of the essence here. Thus, by the express terms of the contract, plaintiff was permitted to set the time of the essence closing for any day after the expiration of the 15-day title review period and at least seven days after the delivery of notice to defendants.
Furthermore, inasmuch as defendants failed to seek summary judgment on their affirmative defense that plaintiff could not recover consequential damages, defendants' contention that plaintiff should be estopped from seeking consequential damages is raised for the first time on appeal and is therefore not properly before us (see Stransky v DiPalma, 137 AD3d 1734, 1736 [4th Dept 2016]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Finally, in the absence of a cross appeal from that part of the order denying plaintiff's motion insofar as it sought summary judgment on the amount of damages, we decline plaintiff's request that we grant summary judgment with respect to the amount of damages (see Cleere v Frost Ridge Campground, LLC, 155 AD3d 1645, 1647 [4th Dept 2017]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court