■ BELLEVUE BUILDERS SUPPLY, INC., Respondent, v AUDUBON QUALITY HOMES, INC., et al., Defendants, and MELCHIORE GALIOTO et al., Appellants. (And Another Related Action.) [623 NYS2d 407] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 17, 1994 in Schenectady County, which, *inter alia,* denied a cross motion by defendants Melchiore Galioto, Joseph Aronow and Anthony J. Galioto to amend their answer.

In these two related actions, plaintiff seeks to collect a debt owed to it by defendant Audubon Quality Homes, Inc. with respect to which each of the four individual defendants signed a guarantee of collection. After Audubon filed a petition in

bankruptcy, staying further proceedings in action No. 1 (in which it was a defendant), plaintiff brought a second action on the guarantee (action No. 2) against only the individual defendants. Supreme Court refused to proceed in action No. 2, however, given the pendency of action No. 1, or to discontinue any part of action No. 1 in view of the bankruptcy stay. Plaintiff then obtained an order from the Bankruptcy Court permitting withdrawal of the complaint in action No. 1 insofar as it related to defendants, and then moved to discontinue action No. 1 to that extent. Defendants Melchiore Galioto, Joseph Aronow and Anthony J. Galioto (hereinafter collectively referred to as defendants) opposed the motion and cross-moved to amend their answer to assert a defense of lack of consideration for the guarantee, as well as for summary judgment on that basis. Defendants appeal from Supreme Court's order granting plaintiff's motion and denying their cross motion.

The only contentions advanced in defendants' briefs deserving comment (see, First Natl. Bank of Amenia v Mountain Food Enters., 159 AD2d 900, 901) are whether Supreme Court erred in refusing to permit amendment of their complaint and in failing to award them summary judgment on the basis of the defense of lack of consideration.

Although generally amendment of pleadings should be freely allowed in the absence of any showing of prejudice (see, CPLR 3025 [b]; McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755, 757), amendment need not—in fact, should not—be granted when a party seeks to interpose a claim or defense that is patently without merit (see, State of New York v Ladd's Gas Sta., 198 AD2d 654; Mathiesen v Mead, 168 AD2d 736), as is the case here.

The guarantee—which is incorporated into the same document as the promissory note upon which it is based—states that it is given "for goods supplied and/or delivered to Audubon Quality Homes, Inc." with a value of $147,000 (the principal amount of the note). Defendants contend that this antecedent debt may not be relied upon as consideration for the subsequently executed guarantee. They also maintain that because the stated benefit flowed to Audubon, as opposed to the individual guarantors, it cannot constitute valid consideration for the guarantee. Neither of these arguments is convincing.

General Obligations Law § 5-1105 provides that if the consideration for a promise expressed in a writing and signed by the promisor is proven to have been given, and would other-

wise represent valid consideration for the promise, the mere fact that it is "past or executed" shall not bar enforcement of the contract (see, American Bank & Trust Co. v Lichtenstein, 48 AD2d 790, 790-791, affd 39 NY2d 857). In view of the fact that conferral of a benefit upon Audubon would have been sufficient consideration for the guarantee had it been given prior to execution thereof (see, Columbus Trust Co. v Campolo, 110 AD2d 616, 617-618, affd 66 NY2d 701; see also, Sun Oil Co. v Heller, 248 NY 28, 32-33), the suggested defense is palpably meritless (see also, Weyerhaeuser Co. v Gershman, 324 F2d 163, 165, n 3), and Supreme Court acted providently in refusing to permit the proposed amendment.

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.