■ NANCY NEALE ENTERPRISES, INC., et al., Respondents-Appellants, v EVENTFUL ENTERPRISES, INC., et al., Appellants-Respondents. [656 NYS2d 61] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated April 30, 1996, as denied their cross motion to dismiss the complaint and dismissed certain of their affirmative defenses, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied those branches of the plaintiffs' motion which were for summary judgment on their first and second causes of action and substituting therefor a provision granting those branches of the plaintiffs' motion to the extent of granting summary judgment on the issue of liability on those causes of action, (2) deleting the provision thereof which denied that branch of the plaintiffs' motion which was for summary judgment on the third cause of action and substituting therefor a provision granting that branch of the motion to the extent of granting summary judgment to the plaintiffs on that cause of action in the principal sum of $120,000, and (3) deleting the provision thereof which denied that branch of the defendants' cross motion which was to dismiss the plaintiffs' fourth cause of action, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages on the first and second causes of action.

In November 1988 the plaintiffs Irving and Nancy Silver-

man entered into an agreement (hereinafter the November agreement) to sell the corporate plaintiff Nancy Neale Enterprises, Inc. (hereinafter Nancy Neale), to the defendant Eventful Enterprises, Inc. (hereinafter Eventful) and its principal, the defendant Menachem Lubinsky. The purchase price was secured in part by a promissory note executed by the defendant Lubinsky Communications in the amount of $120,000. At the same time that the November Agreement was executed, the parties entered into a separate Consulting and Noncompetition Agreement.

In November 1990 the parties entered into an agreement (hereinafter the modification agreement) modifying the various prior agreements between them by, *inter alia,* reducing the sums due and payable thereunder. The modification agreement was conditioned upon compliance with an agreed-to schedule of periodic payments. When this payment schedule was not met, the plaintiffs commenced this action seeking, *inter alia,* recovery of various sums allegedly due under the November 1988 agreement, the Consulting and Noncompetition Agreement, and the promissory note and, alternatively, under the modification agreement.

After issue was joined, the plaintiffs moved for summary judgment against all of the defendants for moneys allegedly due and owing under the promissory note, and against Eventful and Menachem Lubinsky under the various agreements. The defendants cross-moved to dismiss the complaint. By order dated April 30, 1996, the Supreme Court denied both the motion and cross motion. We now modify.

The plaintiffs should have been granted partial summary judgment on their first and second causes of action. The defendants defaulted on their obligations pursuant to the various agreements. Thus, because they failed to make the required payments pursuant to the terms of the conditional modification agreement, the plaintiffs were free to repudiate that agreement and seek to enforce the November 1988 agreement and the Consulting and Noncompetition Agreement. Accordingly, the fourth cause of action seeking to recover under the terms of the modification agreement must be dismissed and partial summary judgment granted as to liability on the plaintiffs' first and second causes of action. Further, because it is undisputed that the $120,000 due under the promissory note has not been paid, the plaintiffs are entitled to summary judgment on the third cause of action seeking enforcement of the note.

The court properly found that the defendants' claim that

they had been fraudulently induced into signing the November agreement cannot be sustained. Even assuming, arguendo, that the alleged misrepresentations concerning the projected future performance by Nancy Neale were actionable (*see, Zanani v Savad,* 217 AD2d 696; *East 32nd St. Assocs. v Jones Lang Wooton USA,* 191 AD2d 68; *West Side Fed. Sav. & Loan Assn. v Hirschfeld,* 101 AD2d 380), in the November 1988 agreement the defendants expressly disclaimed reliance on any representations not contained therein (*see, Citibank v Plapinger,* 66 NY2d 90; *Danann Realty Corp. v Harris,* 5 NY2d 317; *Rodas v Manitaras,* 159 AD2d 341).

The parties' remaining contentions are without merit. Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.