(October 20, 1997)

A. BELLA FOOD CORP., Respondent, v LUIGI's ITALIAN DELI, INC., et al., Appellants. [663 NYS2d 268] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated October 11, 1996, which, upon a decision of the same court dated October 1, 1996, is in favor of the plaintiff and against them in the principal sum of $185,767.46. The defendants' notice of appeal from the decision is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiff brought this action to recover on a promissory note against the maker of the note, the defendant Luigi's Italian Deli, Inc., and the guarantors, the defendants Nick Esposito and Richard Pagnotta. The promissory note was given as consideration for the sale of a delicatessen business by the plaintiff to Esposito and Pagnotta.

The plaintiff established a prima facie case by submitting proof of the note and the defendants' default (*see, Colonial Commercial Corp. v Breskel Assocs.,* 238 AD2d 539; *Grammas*

*Assocs. Architectural & Eng'g Servs. v Ehrlich,* 229 AD2d 517; *Bennell Hanover Assocs. v Neilson,* 215 AD2d 710). In order to preclude the plaintiff from enforcing the terms of the note the burden shifted to the defendants to establish by admissible evidence the existence of a triable issue of fact or a meritorious defense *(see, Colonial Commercial Corp. v Breskel Assocs., supra; Grammas Assocs. Architectural & Eng'g Servs. v Ehrlich, supra; Bennell Hanover Assocs. v Neilson, supra).*

The defendants' allegation that there were "staged sales" engineered to misrepresent the level of the delicatessen's business is based on the alleged statements of unnamed witnesses "who are willing to testify at the proper time" and is of no probative value *(see, Bortle v Pron Co.,* 203 AD2d 779). Such unsubstantiated allegations of fraud are not sufficient to defeat the motion for summary judgment *(see, Bennell Hanover Assocs. v Neilson, supra; Spielman v Acme Natl. Sales Co.,* 159 AD2d 918; *cf., Silber v Muschel,* 190 AD2d 727).

Moreover, the defendants cannot rely upon parol evidence to establish their claim that there was fraud in the inducement by way of misrepresentations as to the gross or net receipts of the business, inasmuch as they have expressly disclaimed reliance on any such representations *(see, Neale Enters. v Eventful Enters.,* 238 AD2d 322; *Germano v Friedman,* 221 AD2d 501; *Taormina v Hibsher,* 215 AD2d 549; *Getty Petroleum Corp. v DeIorio,* 194 AD2d 762).

Nor is an issue of fact raised by the alleged statements of the broker, which constituted mere expressions of opinion of present or future expectations *(see, Crossland Sav. v SOI Dev. Corp.,* 166 AD2d 495; *Carvel Corp. v Nicolini,* 144 AD2d 611), or the alleged wrongdoing attributed to the broker *(see, Weissman v Mertz,* 128 AD2d 609).

The defendants' remaining contention is without merit. Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.