■ Stephen Di Marco, Appellant, v Bombard Car Co., Inc., Respondent, et al., Defendants. [783 NYS2d 183]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered September 11, 2003. The order granted the motion of defendant Bombard Car Co., Inc. for summary judgment on its counterclaim and directed entry of judgment against plaintiff in the amount of $100,000.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly granted the motion of Bombard Car Co., Inc. (defendant) for summary judgment on its counterclaim to recover the amount due on a promissory note executed by plaintiff, along with interest and "the reasonable costs of collection, including reasonable attorneys' fees in the amount of $1,017.50." Defendant met its initial burden by submitting proof of the note and plaintiff's default, and plaintiff failed to raise a triable issue of fact with respect to his defense of lack of consideration (*see A. Bella Food Corp. v Luigi's Italian Deli*, 243 AD2d 592 [1997]; *Falco v Thorne*, 225 AD2d 582,

583 [1996]). The note, which is "clear, complete and unambiguous" on its face (*Fleet Bank of N.Y. v Rozanski*, 216 AD2d 938, 938 [1995], *lv denied* 87 NY2d 804 [1995]), recites that it was executed for value received (*see Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 886-887 [1997]; *cf. Mastro v Carroll*, 296 AD2d 802, 802-803 [2002]), and the record establishes that plaintiff received consideration, i.e., a 50% share in one company and the option to purchase a 50% share of another company, both of which were formed in connection with the acquisition of an automobile dealership (*see Low v Ngan Fung Chum*, 261 AD2d 337 [1999]). Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.