■ FRANK LaMAR, D.D.S., Respondent, v KENNETH R. VASILE, Appellant. (Appeal No. 1.) [852 NYS2d 906]—

Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

■ FRANK LaMAR, D.D.S., Respondent, v KENNETH R. VASILE, Appellant. (Appeal No. 3.) [852 NYS2d 901]—

Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

■ FRANK LaMAR, D.D.S., Respondent, v KENNETH R. VASILE, Appellant. (Appeal No. 4.) [852 NYS2d 900]—

Memorandum: Supreme Court properly granted plaintiff's

motion for summary judgment in lieu of complaint pursuant to CPLR 3213 seeking to recover, inter alia, the amount due on five promissory notes executed by defendant. Plaintiff met his initial burden by submitting the notes and evidence of defendant's default, and defendant failed to raise a triable issue of fact with respect to his defense of lack of consideration (*see Di Marco v Bombard Car Co., Inc.*, 11 AD3d 960 [2004]; *A. Bella Food Corp. v Luigi's Italian Deli*, 243 AD2d 592 [1997]). The notes recited that consideration had "already" been received by defendant at the time of execution (*see Di Marco*, 11 AD3d 960 [2004]; *Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 887 [1997]), and the record establishes that defendant in fact received that consideration. Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.