■ Cutter Bayview Cleaners, Inc., Respondent, v Spotless Shirts, Inc., Appellant. [870 NYS2d 395]—

The plaintiff sold a dry cleaning and tuxedo rental business to the defendant pursuant to an asset purchase agreement. As part of the consideration, the defendant executed a promissory note in favor of the plaintiff in the face amount of $190,000. The plaintiff, alleging that the defendant defaulted on the note, commenced this action by way of a motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In opposition, the defendant alleged only that the plaintiff had fraudulently misrepresented that the gross weekly receipts of the business were $10,000. The defendant submitted the affidavit of its president, who averred that, subsequent to the closing, he discovered that, in the two-week period during which the defendant's representatives were on site pursuant to the asset purchase agreement to observe the operations of the business, receipts were falsified to overstate income by the sum of $3,700. He further averred that he spoke with two customers named on particularly large receipts and that they denied having made the transactions reflected by the receipts. The defendant did not, however, submit affidavits from those two alleged customers or explain the absence of such affidavits.

A plaintiff moving for summary judgment in lieu of complaint pursuant to CPLR 3213 based on a promissory note establishes prima facie entitlement to judgment as a matter of law by submitting proof of the defendant's execution of the note and the defendant's default in making payments pursuant to the note (see *Two Lincoln Advisory Servs. v Shields*, 293 AD2d 740, 741 [2002]; *A. Bella Food Corp. v Luigi's Italian Deli*, 243 AD2d

592 [1997]). Once the plaintiff establishes its prima facie entitlement to judgment as a matter of law, the burden shifts to the defendant to establish, by admissible evidence, "the existence of a triable issue with respect to a bona fide defense" (*Brennan v Shapiro*, 12 AD3d 547, 549 [2004], quoting *Colonial Commercial Corp. v Breskel Assoc.*, 238 AD2d 539 [1997]).

Here, the plaintiff met its burden of establishing that the defendant executed the note and defaulted. The defendant, in opposition, failed to submit evidence in admissible form sufficient to raise a triable issue of fact (*see Brennan v Shapiro*, 12 AD3d at 549; *Two Lincoln Advisory Servs. v Shields*, 293 AD2d 740 [2002]; *A. Bella Food Corp. v Luigi's Italian Deli*, 243 AD2d 592 [1997]). In particular, the defendant failed to provide affidavits from either of the two alleged customers or a reasonable explanation as to why they could not be obtained (*see Allstate Ins. Co. v Keil*, 268 AD2d 545 [2000]). Consequently, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the note.

However, inasmuch as the plaintiff failed to submit any evidence in support of its claim for the award of an attorney's fee, we remit the matter to the Supreme Court, Queens County, for a hearing to determine a reasonable attorney's fee and expenses, as provided for in the note (*cf. Borg v Belair Ridge Dev. Corp.*, 270 AD2d 377, 378 [2000]; *Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp.*, 187 AD2d 634, 634-635 [1992]; *Coniglio v Regan*, 186 AD2d 709, 710-711 [1992]), and for the entry of an appropriate amended judgment thereafter. Fisher, J.P., Florio, Carni and Chambers, JJ., concur.