MARTIN CARLIN, Appellant, v STEPHAN JEMAL, Individually and as Member or Manager of SSJ DEVELOPMENT, LLC, et al., Respondents. [891 NYS2d 391]—

Regardless of whether plaintiff is a "holder in due course" (*see* UCC 3-302), a mere "holder" (*see* UCC 1-201 [20]), or only an "assignee" or "transferee" (*see National Bank of N. Am. v Flushing Natl. Bank*, 72 AD2d 538, 539 [1979]; *Phoenix Global Ventures, LLC v Phoenix Hotel Assoc., Ltd.*, 10 Misc 3d 1066[A], 2006 NY Slip Op 50007[U] [Sup Ct, NY County 2006]), he has standing to bring this action (*see* UCC 3-201, 3-301, 3-305, 3-306; *National Fin. Co. v Uh*, 279 AD2d 374 [2001]). The record, including the unrefuted testimony of the original named payee of the note and of plaintiff, establishes that, at the very

least, plaintiff took the note as assignee prior to commencement of the action.

Even if plaintiff is not a holder in due course, but only a holder or assignee/transferee, and thus subject to all defenses (*see* UCC 3-306; *National Bank of N. Am.*, 72 AD2d at 539), he is entitled to summary judgment, since defendants failed to raise a triable issue of fact regarding their proffered defenses.

With respect to the defense of oral modification of the repayment terms, the note contained an express provision requiring that any modification thereof be in writing to be enforceable, the integrity of which is protected by General Obligations Law § 15-301 (1) (*see DFI Communications v Greenberg*, 41 NY2d 602, 606-607 [1977]). There is no evidence in the record of partial performance by plaintiff or defendants that is unequivocally referable to either of the two oral modifications alleged by defendants (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344 [1977]; *Fairchild Warehouse Assoc. v United Bank of Kuwait*, 285 AD2d 444, 445 [2001]). Neither defendants' failure to pay on the due date nor plaintiff's apparent failure to demand immediate payment constitutes partial performance, because neither is unequivocally referable to the alleged oral modifications, as there may have been other explanations for such decisions (*see e.g. National Westminster Bank USA v Vannier Group*, 160 AD2d 348, 349-350 [1990]). There is also no evidence in the record that defendants changed their position in any way or relied to their detriment on any oral modification so as to estop plaintiff from asserting the absence of a writing and enforcing the original June 1, 2007 maturity date (*see id.*).

The defense of lack of consideration is equally unsupported by the record. Contrary to defendants' contention, plaintiff was not required to demonstrate that there was adequate consideration for the note. Since plaintiff met his initial burden of demonstrating entitlement to recovery on the note by submitting proof of the note and defendants' default thereon, and defendants have not challenged the authenticity of their signatures on the note, the burden then shifted to defendants to demonstrate lack of consideration as a defense (*see* UCC 3-307 [2]; *Di Marco v Bombard Car Co., Inc.*, 11 AD3d 960 [2004]). Defendants make only conclusory allegations that the loan was not fully funded, and fail to offer any evidence, documentary or otherwise, to substantiate that allegation. Moreover, their concession that at least some portion of the loan was funded defeats their defense of lack of consideration (*see Laham v Bahia Mehmet Bin Chambi*, 299 AD2d 151, 152 [2002]), particularly where, as here, the note is "clear, complete and unambiguous"

on its face and recites that it was executed for value (*Di Marco*, 11 AD3d at 961 [internal quotation marks and citation omitted]). Concur—Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.