■ GREGORY JINIL KIM et al., Respondents, v IL YEON KWON, Also Known as IL YEON KWEON, Appellant. [41 NYS3d 68]—

In an action pursuant to CPLR 3213 for summary judgment in lieu of complaint to recover money owed on a promissory note, the defendant appeals from (1) an order of the Supreme Court, Queens County (Grays, J.), entered April 8, 2014, which denied his motion for leave to renew his opposition to the plaintiffs' motion for summary judgment in lieu of complaint and to reargue a prior motion for leave to renew his opposition to the plaintiffs' motion, and (2) a judgment of the same court, also entered April 8, 2014, which, upon an order of the same court dated September 20, 2013, granting the plaintiffs' motion for summary judgment in lieu of complaint, is in favor of the plaintiffs and against him in the total sum of $874,074.79.

Ordered that the appeal from the order entered April 8, 2014, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from so much of the order dated April 3, 2014, as denied that branch of the defendant's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument. The appeal from so much of the order dated April 3, 2014, as denied that branch of the defendant's motion which was for leave to renew must be dismissed, because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In exchange for a promissory note, pursuant to which the defendant promised to pay the plaintiffs $750,000 plus interest by a certain date, the plaintiffs transferred to the defendant their interest in a partnership that owned a parcel of real property. When the defendant defaulted in making payment pursuant to the note, the plaintiffs commenced this action by summons and notice of motion for summary judgment in lieu of complaint to recover the money owed on the note. The Supreme Court granted the motion. The defendant thereafter moved, inter alia, for leave to renew his opposition to the plaintiffs' motion. The motion was denied, and a judgment was entered against the defendant and in favor of the plaintiffs in the total sum of $874,074.79.

Contrary to the defendant's contention, the subject promissory note qualified as an instrument for the payment of money only, so as to permit the plaintiffs to file a motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In that respect, the note contained "an unconditional promise by the borrower to pay the lender over a stated period of time" (*Lugli v Johnston*, 78 AD3d 1133, 1134 [2010]; *see Lawrence v Kennedy*, 95 AD3d 955 [2012]), and no "outside proof" was needed, "other than simple proof of nonpayment" to establish the plaintiffs' prima facie case (*Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]).

The plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating the existence of the promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms (*see Ahern v Miloslau*, 128 AD3d 992, 992 [2015]; *Prince*

*v Schacher*, 125 AD3d 626, 627 [2015]; *Lugli v Johnston*, 78 AD3d at 1135; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]).

In opposition, the defendant failed to raise a triable issue of fact with respect to a bona fide defense. Although the defendant contends that the plaintiffs breached the agreement by which their interest in the partnership was assigned to the defendant by failing to comply with certain requirements of the partnership agreement relating to the sale of a partnership interest, the defendant has not argued, or presented any evidence demonstrating, that the validity of his interest in the partnership has been challenged or called into question. The defendant also failed to raise a triable issue of fact as to whether he was fraudulently induced by certain alleged misrepresentations concerning a partnership asset to enter into the subject transaction. The defendant's contention is barred by the parties' agreement, in which he specifically acknowledged that the plaintiffs had not made any representations to him regarding "the business or assets of the Partnership" (*see Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321 [1959]; *Oseff v Scotti*, 130 AD3d 797, 799-800 [2015]; *Nancy Neale Enters. v Eventful Enters.*, 238 AD2d 322, 323-324 [1997]; *Rudnick v Glendale Sys.*, 222 AD2d 572 [1995]). For the same reason, the new facts presented by the defendant regarding his proffered fraud defense would not have changed the prior determination (*see* CPLR 2221 [e] [2]).

Accordingly, the plaintiffs' motion for summary judgment in lieu of complaint was properly granted, and that branch of the defendant's motion which was for leave to renew was properly denied. Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.