■ NEO UNIVERSE INC. et al., Appellants, v TAKANOBU ITO, Respondent, et al., Defendants. [48 NYS3d 352]—

Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered April 13, 2016, after a bench trial, dismissing the complaint as against defendant Takanobu Ito (defendant), pursuant to an order, same court, Justice, and date of entry, unanimously reversed, on the law, with costs, plaintiffs granted judgment as to liability in their favor as against defendant, and the matter remanded for a calculation of the amount owed to plaintiffs under the Loan Agreement and Promissory Note, and for other relief, such as interest and attorney's fees, if any. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff Shinji Mitsunaga (plaintiff), principal of the corporate plaintiff, demonstrated his entitlement to judgment by the introduction of the Loan Agreement, the Promissory Note (Note), and plaintiff's own testimony that defendant had not paid any portion of the debt owed under the Loan Agreement and Note. It was then defendant's burden to demonstrate a lack of consideration (*see Carlin v Jemal*, 68 AD3d 655, 656 [1st Dept 2009]), which he failed to do. Plaintiffs' alleged failure to provide any evidence of the loan disbursement to defendant does not demonstrate a lack of consideration, as plaintiffs were

"not required to demonstrate that there was adequate consideration for the note" (*id.*). Defendant also incorrectly asserts that the "Basic Contract" does not contain any obligation on the part of defendant "to personally guarantee or repay these monies." In fact, the Basic Contract, pursuant to which plaintiff testified that he loaned the money to defendant through defendant's wife's company, unequivocally identifies defendant as "B" in the agreement, and states that the money which plaintiff "must" give to defendant company "shall be considered as a loan to B."

The trial court improperly found that plaintiff's admission that he never gave any money to defendant in 2004 warranted dismissal of the complaint for lack of consideration for the Loan Agreement and Note, both executed in 2004. The Loan Agreement expressly states that plaintiff "is owed" the amount expressed in that agreement, clearly indicating that the debt owed was preexisting. This past consideration, the receipt and adequacy of which were both acknowledged by defendant in the Loan Agreement, is sufficient to enforce the debt instruments (*see Movado Group v Presberg*, 259 AD2d 371 [1st Dept 1999], *lv dismissed* 94 NY2d 794 [1999]; *Bellevue Bldrs. Supply v Audubon Quality Homes*, 213 AD2d 824, 825-826 [3d Dept 1995]). Moreover, plaintiff's own testimony with regard to the payments pursuant to the Basic Contract, executed in 2003, and the checks in evidence, executed between 2003 and 2004, support the existence of past consideration.

There is no evidence, testimonial or otherwise, that the money given to defendant was solely for investments in defendant company and/or in a nonparty company, Telecontinuity Inc. Nor is there any evidence that plaintiffs were seeking to recover monies already paid by defendant to plaintiffs under a Tokyo Court Final Decision. Plaintiff testified that the Tokyo decision involved money defendant "also" owed plaintiff, and there was no evidence to rebut that testimony. Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.