Navon v Zackson (2021 NY Slip Op 01143)





Navon v Zackson


2021 NY Slip Op 01143


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 151062/19 Appeal No. 13177 Case No. 2020-00983 

[*1]Eli Navon, Plaintiff-Appellant,
v
Brad Zackson, Defendant-Respondent.


Franklin R. Kaiman, Tarrytown, for appellant.
Russ & Russ, P.C., Massapequa (Jay Edmond Russ of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered January 10, 2020, which denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously reversed, on the law, with costs, and the motion granted.
Plaintiff established his entitlement to summary judgment in lieu of complaint by submitting a note executed by defendant, which contained the terms of the obligation and the value of the note (see Zyskind v FaceCake Mktg. Tech., Inc., 101 AD3d 550, 551 [1st Dept 2012]). Contrary to the motion court's finding, there exists only one note. Plaintiff merely annexed two copies of the second page of the note, intending to show that defendant had placed his broker license below his signature as proof that he had signed it. Plaintiff also submitted his affidavit, in which he averred that defendant had failed to repay him by the appointed time.
In opposition, defendant failed to raise a triable issue of fact, as his allegations have no bearing on the validity of the note or support in the record (see Mitsubishi Trust & Banking Corp. v Housing Servs. Assoc., 227 AD2d 305 [1st Dept 1996]). Defendant's allegations are directly contradicted by plaintiff's submissions of emails showing that defendant had requested loans, and records of wire transfers from plaintiff to defendant's wife's bank account. Defendant's allegations of fraudulent inducement are also unsupported by the record (see Banner Indus. v Key B.H. Assoc., 170 AD2d 246 [1st Dept 1991]).
Furthermore, defendant failed to meet his burden of demonstrating a lack of consideration (see Neo Universe Inc. v Ito, 147 AD3d 682 [1st Dept 2017]; compare Mann v Green, 159 AD3d 545 [1st Dept 2018]). The note was executed by the parties for payment of an antecedent obligation (see e.g. Perlstein v Kullberg Amato Picacone/ABP, 158 AD2d 251, 252 [1st Dept 1990]; Uniform Commercial Code § 3-408), it clearly and unambiguously recited that it was executed "for value received" (see Carlin v Jemal, 68 AD3d 655, 656-657 [1st Dept 2009]), and defendant fails to make any factual allegations disputing the existence of the antecedent debt (see Neo Universe Inc., 147 AD3d at 683).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021