Kays v Antzoulatos (2022 NY Slip Op 07225)

Kays v Antzoulatos

2022 NY Slip Op 07225

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-06971
 (Index No. 706063/20)

[*1]James Kays, et al., appellants, 
v
Alex G. Antzoulatos, etc., respondent.

The Law Offices of Richard G. Monaco, P.C., South Salem, NY, for appellants.

DECISION & ORDER
In an action to recover upon an instrument for the payment of money only, commenced by motion, inter alia, for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered September 4, 2020. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment in lieu of complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment in lieu of complaint is granted.
The plaintiffs commenced this action against the defendant to recover upon an instrument for the payment of money only by motion, inter alia, for summary judgment in lieu of complaint pursuant to CPLR 3213. The plaintiffs alleged that an agreement where the defendant agreed to pay James Kays the sum of $370,000 (hereinafter the agreement) was "an instrument for the payment of money only" within the meaning of CPLR 3213, and that the defendant defaulted under the terms of the agreement. The defendant opposed the motion. In an order entered September 4, 2020, the Supreme Court, among other things, denied that branch of the plaintiffs' motion which was for summary judgment in lieu of complaint. The plaintiffs appeal.
The plaintiffs established, prima facie, that the agreement was an "instrument for the payment of money only" within the meaning of CPLR 3213 (see Weissman v Sinorm Deli, 88 NY2d 437, 444; Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 155; Sun Convenient, Inc. v Sarasamir Corp., 123 AD3d 906, 907; East N.Y. Sav. Bank v Baccaray, 214 AD2d 601, 602). The plaintiffs also established, prima facie, that the defendant defaulted under the terms of the agreement (see Torto Note Member, LLC v Babad, 192 AD3d 843, 844-845; Metro-Gem Leasing & Funding Corp. v Dancy Auto Group, LLC, 183 AD3d 611, 612-613; Porat v Rybina, 177 AD3d 632, 633).
In opposition, the defendant failed to raise a triable issue of fact (see CPLR 2106; Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910; Schwartz v Sayah, 83 AD3d 926, 927).
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment in lieu of complaint.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court