Patel v Edmund (2025 NY Slip Op 02216)

Patel v Edmund

2025 NY Slip Op 02216

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-09439 
2023-05694
 (Index No. 521888/20)

[*1]Swati Patel, respondent, 
v
Rogelio Ricardo Andreas Edmund, appellant.

The Valentine Law Firm PLLC, New York, NY (Michael A. Valentine of counsel), for appellant.
Michael Stepper, New York, NY, for respondent.

DECISION & ORDER
In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated October 12, 2022, and (2) a judgment of the same court dated March 27, 2023. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment in lieu of complaint to the extent of awarding the plaintiff the sum of $47,500 for the balance due on the promissory note and the sum of $4,380 in attorneys' fees and denied the defendant's cross-motion pursuant to CPLR 3211(a)(1) to dismiss the action and for costs pursuant to 22 NYCRR 130-1.1. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the sum of $47,500 for the balance due on the promissory note and the sum of $4,380 in attorneys' fees.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof in favor of the plaintiff and against the defendant in the sum of $47,500 for the balance due on the promissory note, and substituting therefor a provision in favor of the plaintiff and against the defendant in the sum of $40,000 for the balance due on the promissory note; as so modified, the judgment is affirmed, without costs or disbursements, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment in accordance herewith.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On November 3, 2019, the defendant cosigned a promissory note in favor of the plaintiff, pursuant to which Bridgette Edmund (hereinafter the borrower), the defendant's sister, identified as the "Borrower" in the promissory note, "promise[d] to pay to the order" of the plaintiff "the sum of $40,000.00 with $10,000.00 interest" in five installments in 2020. The borrower died in April 2020. On November 5, 2020, after the defendant refused to make any payments under the promissory note, the plaintiff commenced this action to recover on the promissory note by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendant opposed the [*2]motion and cross-moved pursuant to CPLR 3211(a)(1) to dismiss the action and for costs pursuant to 22 NYCRR 130-1.1. A hearing was held on October 12, 2022. In an order dated October 12, 2022, the Supreme Court, inter alia, granted the plaintiff's motion to the extent of awarding the plaintiff the sum of $47,500 for the balance due on the promissory note and the sum of $4,380 in attorneys' fees and denied the defendant's cross-motion. Subsequently, a judgment was entered in favor of the plaintiff and against the defendant in the sum of $47,500 for the balance due on the promissory note and the sum of $4,380 in attorneys' fees. The defendant appeals from the order and the judgment.
"A plaintiff moving for summary judgment in lieu of complaint pursuant to CPLR 3213 based on a promissory note establishes prima facie entitlement to judgment as a matter of law by submitting proof of the defendant's execution of the note and the defendant's default in making payments pursuant to the note" (Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc., 57 AD3d 708, 709; see Kays v Antzoulatos, 211 AD3d 925, 925-926; Sun Convenient, Inc. v Sarasamir Corp., 123 AD3d 906, 907). "Once the plaintiff establishes its prima facie entitlement to judgment as a matter of law, the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense" (Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc., 57 AD3d at 710 [internal quotation marks omitted]; see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 383).
Here, the Supreme Court properly determined that the plaintiff was entitled to summary judgment on the issue of liability. The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law through the undisputed evidence of the executed promissory note, including by the defendant as a cosigner, and the default thereunder by the borrower and the defendant (see Kays v Antzoulatos, 211 AD3d at 925-926; Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc., 57 AD3d at 510). In opposition, the defendant failed to raise a triable issue of fact (see Kays v Antzoulatos, 211 AD3d at 925-926; Sun Convenient, Inc. v Sarasamir Corp., 123 AD3d at 908).
Contrary to the defendant's contention, the Supreme Court properly considered the plaintiff's motion. Under the circumstances of this case, the plaintiff's failure to provide an adequate return date on her notice of motion for summary judgment in lieu of complaint was not a fatal defect that deprived the court of jurisdiction over the action (see Blue Lagoon, LLC v Reisman, 214 AD3d 938, 942; Capolino v Goren, 155 AD3d 1414, 1415-1416; cf. Bhanti v Jha, 140 AD3d 685, 686; Segway of N.Y., Inc. v Udit Group, Inc., 120 AD3d 789, 791-792). The court also properly considered the undisputed fact that the borrower received the funds in April 2019 in determining the validity of the defense of usury (see generally Stransky v DiPalma, 137 AD3d 1734, 1735; Aaron v Mattikow, 146 F Supp 2d 263 [ED NY], citing Pink v Kaplan, Inc., 252 App Div 490, 492). Moreover, it is undisputed that the promissory note postdated the "Gift Letter" on which the defendant relied and that the borrower made a payment in accordance with the promissory note's terms in January 2020.
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the action. "A motion to dismiss pursuant to CPLR 3211(a)(1) will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Fontanetta v John Doe 1, 73 AD3d 78, 83 [internal quotation marks omitted]; see Sims v Prom Realty Co., LLC, 160 AD3d 1006, 1006). The evidence submitted in support of such motion must be "documentary" or the motion must be denied (Fontanetta v John Doe 1, 73 AD3d at 84 [internal quotation marks omitted]). Here, in addition to unsuccessfully raising the defense of usury with respect to the promissory note, the defendant relied on a "Gift Letter," which did not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714; Granada Condominium III Assn. v Palomino, 78 AD3d 996).
The Supreme Court providently exercised its discretion in awarding the plaintiff the sum of $4,380 in attorneys' fees. The plaintiff submitted sufficient evidence of the reasonable value of the legal services rendered, and the defendant did not contest the reasonableness of the requested fees. Consequently, no further proceedings are required on the amount of the attorneys' fees (see LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154; Utica Mut. Ins. Co. v Magwood Enters., Inc., 15 AD3d 471, 472; cf. Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc., [*3]57 AD3d at 710).
The record evidence, however, does not support the Supreme Court's calculation of the balance due on the promissory note. The plaintiff averred in support of her motion for summary judgment in lieu of complaint that the borrower made a $10,000 interest payment in January 2020, and, while the plaintiff's attorney represented at the October 2022 hearing that the interest payment was only in the sum of $2,500, no proof of payment in that amount was presented. Under those circumstances, the plaintiff was entitled to recover the sum of only $40,000 for the balance due on the promissory note, and we modify the order and the judgment accordingly.
The parties' remaining contentions either are without merit or need not be considered in light of our determinations.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court