Heres v Reese (2025 NY Slip Op 06695)

Heres v Reese

2025 NY Slip Op 06695

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-01527
 (Index No. 609199/21)

[*1]Ana Heres, respondent, 
v
Fenton Reese, appellant.

Miller Law Offices, PLLC, Lynbrook, NY (Jeffrey H. Miller and Scott J. Farrell of counsel), for appellant.
Mark E. Goidell, Garden City, NY, for respondent.

DECISION & ORDER
In an action to recover on an instrument for the payment of money only, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated March 1, 2022. The order granted the plaintiff's motion for summary judgment in lieu of complaint, for an award of attorneys' fees, and, in effect, for a judgment in the amount of the remainder of the sums due and owing under a settlement agreement, and the plaintiff's separate motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the counterclaim.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for an award of attorneys' fees, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, for a judgment in the amount of the remainder of the sums due and owing under the settlement agreement, and substituting therefor a provision granting that branch of the motion only to the extent of awarding her the sum of $24,500; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover on an instrument for the payment of money only by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 and also sought an award of attorneys' fees and, in effect, a judgment in the amount of the remainder of the sums due and owing under the parties' settlement agreement. The plaintiff alleged that the defendant had defaulted in making payments pursuant to the settlement agreement entered into after mediation. The defendant opposed the motion, contending that there were triable issues of fact, and asserted a counterclaim alleging that the plaintiff had breached a confidentiality clause of the settlement agreement. Subsequently, the plaintiff moved, in effect, pursuant to CPLR 3211(a)(7) to dismiss the counterclaim. In an order dated March 1, 2022, the Supreme Court granted the plaintiff's motion for summary judgment in lieu of complaint, for an award of attorneys' fees, and, in effect, for a judgment in the amount of the remainder of the sums due and owing under the settlement agreement, and the plaintiff's separate motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the counterclaim. The defendant appeals.
The plaintiff established, prima facie, that the defendant failed to make the payment required by the settlement agreement, which was an "instrument for the payment of money only" [*2]within the meaning of CPLR 3213 (see Weissman v Sinorm Deli, 88 NY2d 437, 443-444; Alessina v El Gauchito II, Corp., 220 AD3d 645, 647). In opposition, the defendant failed to raise a triable issue of fact (see Alessina v El Gauchito II, Corp., 220 AD3d at 647; Kays v Antzoulatos, 211 AD3d 925, 926).
However, the Supreme Court should not have awarded the plaintiff the entire remainder of the sums due and owing under the parties' settlement agreement, which was $144,000. The settlement agreement provided for the defendant to pay the plaintiff the total sum of $200,000 pursuant to a payment schedule of installments set forth therein. As of July 2021, the amount owed to the plaintiff due to the defendant's default in making the scheduled payments totaled $24,500. Inasmuch as the settlement agreement did not contain an acceleration clause providing for the entire balance to be due upon the default in making payment of any installment, the plaintiff was entitled to recover only past due installments in the sum of $24,500 (see DiMatos v DiMatos, 221 AD2d 309, 310). Accordingly, the Court should have granted that branch of the plaintiff's motion which was, in effect, for a judgment in the amount of the remainder of the sums due and owing under the settlement agreement only to the extent of awarding her the sum of $24,500.
The Supreme Court should not have granted that branch of the plaintiff's motion which was for an award of attorneys' fees (see Wolf v Vestra SPV3, LLC, 233 AD3d 825, 827; Krasnow v Catania, 219 AD3d 1324, 1326). As conceded by the plaintiff, the settlement agreement did not provide for the recovery of attorneys' fees, and the plaintiff does not contend that a statute or court rule entitled her to an award of attorneys' fees.
"In reviewing a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), a court must accept as true the facts as alleged in the pleading, accord the pleader the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Liptis Pharms. USA, Inc. v Liptis for Pharms. & Med. Prods., SAE, 228 AD3d 927, 928 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88).
Generally, a settlement agreement is subject to contract law principles (see Brown-Wilks v Vornado Realty Trust, 183 AD3d 795, 796). "'The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of an enforceable contract, (2) the plaintiff's performance pursuant to that contract, (3) the defendant's breach of the contract, and (4) damages resulting from that breach'" (Angeli v Barket, 211 AD3d 896, 898, quoting Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 926).
Here, the counterclaim failed to sufficiently allege that the defendant suffered any damages resulting from the alleged breach of the confidentiality provision of the settlement agreement (see ERE LLP v Spanierman Gallery, LLC, 94 AD3d 492, 493).
Accordingly, the Supreme Court properly granted the plaintiff's motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the counterclaim.
The parties' remaining contentions are without merit.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court