Golden Leaves Mgt. NY, Inc. v JW Realty Holdings, LLC (2025 NY Slip Op 07286)

Golden Leaves Mgt. NY, Inc. v JW Realty Holdings, LLC

2025 NY Slip Op 07286

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-11518
 (Index No. 7195/22)

[*1]Golden Leaves Management NY, Inc., respondent,
v
JW Realty Holdings, LLC, et al., appellants.

Tamir Markus LLP (Jacobs P.C., New York, NY [Adam B. Sherman], of counsel), for appellants.
Berg & David PLLC, Inwood, NY (Sholom Wohlgelernter and Abraham David of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated August 22, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendants' second affirmative defense and second counterclaim, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2022, the plaintiff commenced this action against the defendants, JW Realty Holdings, LLC, and Joseph Weiner, to foreclose a mortgage on certain commercial property located in Woodbury. In May 2023, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendants' second affirmative defense and second counterclaim, and for an order of reference. The defendants opposed the motion. In an order dated August 22, 2023, the Supreme Court, among other things, granted those branches of the motion. The defendants appeal.
The plaintiff established its prima facie entitlement to judgment as a matter of law by producing copies of the mortgage agreement, the unpaid debt, and evidence of default (see Globe Trade Capital, LLC v Hoey, 199 AD3d 764, 766; U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). Since the plaintiff satisfied its burden of establishing its prima facie entitlement to judgment as a matter of law, "the burden then shifted to defendants to demonstrate lack of consideration as a defense" (Carlin v Jemal, 68 AD3d 655, 656; see Di Marco v Bombard Car Co., Inc., 11 AD3d 960).
Here, Weiner alleged in a conclusory manner that he never received the monies that the plaintiff alleged were lent, but he failed to offer any evidence to substantiate that allegation, which was insufficient to raise a triable issue of fact concerning lack of consideration (see Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259; Cenlar FSB v Tenenbaum, 172 AD3d 806; Carlin v Jemal, 68 AD3d at 656). Moreover, the defendants' concession that the plaintiff accepted monthly payments for nearly six years after the alleged default was inconsistent with the position that the loan was never funded, especially "where, as here, the note is 'clear, complete and [*2]unambiguous' on its face and recites that it was executed for value" (Carlin v Jemal, 68 AD3d at 656-657, quoting Di Marco v Bombard Car Co., Inc., 11 AD3d at 961). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendants' second affirmative defense and second counterclaim, and for an order of reference.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court